## In re BENNETT.
### Patent Appeal No. 3143.

Court of Customs and Patent Appeals.
May 29, 1933.

Glenn S. Noble, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant has filed his application in the United States Patent Office for a patent upon an improvement in steel barrels or drums. The Examiner rejected claims 1, 2, 10, 13, 14, 15, 16, and claims 17, 18, and 19; the three last named being added for purposes of appeal. On appeal to the Board of Appeals, the applicant submitted his case only upon rejected claims 1, 10, 15, 17 and 19; the appeal as to the other rejected claims being withdrawn. The Board of Appeals affirmed the decision of the Examiner, and the appellant has brought the matter here.

The Board of Appeals cited the following references in support of the rejection of said claims: Schroeder, 1,355,918, October 19, 1920; Johnson, 1,459,469, June 19, 1923; Schächtelin (Swiss), 102,240, November 16, 1923; Johnson, 1,593,633, July 27, 1926.

Claims 1 and 15 are illustrative, and are as follows:

"1. A sheet steel barrel construction for barrels formed of heavy gauge sheet steel and adapted for shipment of heavy contents weighing in the hundreds of pounds, comprising a body having a head set in from the end thereof, said head having an outwardly projecting integrally formed neck of large diameter which terminates below the end of the barrel and having an annular flange around the end thereof, a cover coacting with the neck to close the opening therethrough, and means associated with the cover and adapted to be acted upon by a closing machine for securing the cover to the neck."

"15. A new article of manufacture comprising a heavy gauge steel barrel adapted for shipping contents weighing in the hundreds of pounds and having a head rigidly secured thereto, said head being provided with an integrally formed outwardly projecting neck having a flange at the outer end thereof, a closure for said neck having portions adapted to be bent under said flange to fasten the closure in position, the head and neck being sufficiently strong and suitably formed so that the closure may be applied and fastened by means of a cover closing machine having jaws for bending the portions of the closure under the flange said head being set in around the neck a sufficient distance so that the neck with the closure thereon will not project beyond the end of the barrel."

The appellant, by his application, discloses a structure to be applied to relatively large-sized containers, such as are ordinarily known as barrels or drums, and which are made of heavy sheet steel, as is stated by the specification, "with the heads double seamed or otherwise securely fastened to the bodies." This form of structure is made with a large circular opening in the head, surrounded by a metal neck which is drawn up from the central portion of a depressed head. The upper margin of this neck is turned outwardly and downwardly in a curved flange which extends a sufficient distance to receive the cover closing means. The cover provided is one which fits in to the neck of the barrel and is provided with upward and outward flanges which, by means of a crimping machine, may be turned over and under the outer projecting flange of the neck. Between the cover flange and the flange of the neck a gasket is used to insure a closed and tight joint. The outwardly projecting flange of the cover consists of a series of lugs with openings therein, by which the cover may be more easily removed.

An affidavit accompanying the application shows that the device is highly successful in a commercial way, and is supplanting the use of the former type of barrel, which was closed with a bolted cover.

The Patent Office tribunals were of opinion that the device was fully disclosed in the prior art. The reference Schroeder was cited

as a principal reference. The disclosure of this patent shows a barrel head of the type as here involved, and in which a large central opening is provided in the head, and a neck surrounding said opening drawn up from the depressed surface of the head. In this construction, on the upper edge of the drawn up neck, there is provided a series of projecting lugs. The cover is adapted to be fitted inside this projecting neck, and has, on its upper edge, a series of like projecting lugs. When the barrel opening is closed, the lugs of the barrel neck are bent inward over the edge of the cover and the lugs on the cover are bent outward over the neck of the barrel, thus closing the opening and retaining the lid by means of the friction of the engaging lugs.

To supplement this reference, a Swiss patent to Schächtelin was cited. This patent shows a closure for cans in which a central opening is provided, a neck extending upward therefrom with a projecting flange, and a lid which is inserted within said projecting neck and is held in place thereon by a U-shaped strip of metal, or cramp, which fits down on the top of the edges of the cover and the projecting flange of the neck.

The Board of Appeals also called attention to the two reference patents to Johnson. These patents disclose a closure for pails, such as are employed for storing or shipping paint or the like. In each patent there is an outwardly projecting flange from the top of the pail. A cover is provided which fits down inside of the pail, and has an outwardly projecting flange which is crimped about the flange on the upper end of the pail, with a gasket, in much the same manner as the structure shown by the appellant here.

The Board of Appeals is of the opinion that the worker skilled in the art, with the barrel of Schroeder, the tin can of Schächtelin, and the pail of Johnson before him, would at once have suggested to his mind the application made by the appellant here of the mechanical principles involved in said patents, and that it would therefore require no invention to produce appellant's structure.

On the other hand, the appellant contends that his structure, applied to the type of containers with which he uses it, is novel, is not obvious, has supplied a long felt want, and has not been suggested to the minds of those who have worked in the art, although the cited references have long been known to the art. This, added to the commercial success of his structure, he contends, establishes the inventive character of his article.

After careful consideration of the matter, we are inclined to the belief that the claims of the appellant should have been allowed. There is great doubt whether the fact that a similar method of closure which might have been applied to tin cans and paint buckets, would suggest to the mind of one skilled in the art of manufacturing steel barrels that the same principle might be applied to the manufacture of such barrels. We are clearly of opinion that such worker in the art, on an inspection of the Schroeder barrel, would not, because of his observation of the same, be led without experimentation to a conception of the closure disclosed by the appellant in this case. The upper edge of the Schroeder barrel opening had a series of lugs projecting therefrom, and an entirely different method of closure. In order to have a conception of the device disclosed by the appellant, the one observing the Schroeder barrel must conceive the idea that the projecting lugs of both cover and barrel neck should be removed; that flanges should be placed upon each so that a crimping machine might be operated thereupon; and that a gasket should be provided which would hermetically seal the barrel.

The problem which the manufacturer of barrels had to solve was one of an entirely different nature from that which confronted the maker of a tin can or of a paint pail; the former must be such a covering device as would permit and make possible the endurance of heavy strains and great weights, while no such problem confronts the maker of the can or paint pail. While ordinarily a change of material will not, in itself, create patentable subject-matter, in this case we are of opinion that something more than a mere change in material is involved, and that it is essential that the Patent Office, as well as this court, have in mind the problem which the inventor was attempting to solve.

Being of opinion that the disclosure of appellant, as set out in the rejected claims, was not old in the prior art, as shown by the references, we conclude that the rejected claims should have been allowed, and the decision of the Board of Appeals is therefore reversed as to said claims.

Reversed.